FINAL REPORT[1]

*New Rule 556.13, Amendment of Pa.R.Crim.P. 556.11, and Revision of the* <u>Comments</u> *to Pa.Rs.Crim.P. 502, 513, 516, 517, and 518*

POST-INDICTMENT ARREST WARRANT PROCEDURES

On November 27, 2018, effective March 1, 2019, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule 556.13 (Procedures Following Execution of Warrant of Arrest Issued Following Indictment), amended Rule 556.11 ( Proceedings When Case Presented to Grand Jury), and revised the *Comments* to Rules 502 (Instituting Proceedings in Court Cases), 513 (Requirements for Issuance; Dissemination of Arrest Warrant Information), 516 (Procedure in Court Cases When Warrant of Arrest is Executed Within Judicial District of Issuance), 517 (Procedure in Court Cases When Warrant of Arrest is Executed Outside Judicial District of Issuance), and 518 (Using Advanced Communication Technology in Court Cases When Warrant of Arrest is Executed Outside Judicial District of Issuance) to provide procedures when an arrest warrant is issued following an indictment as provided in Rule 556.11(D)(2).

The Committee was presented with a question regarding the provision in Rule 556.11(D)(2) that allows for issuance of an arrest warrant for an individual who has not been arrested previously for the charges contained in the indictment.  Specifically, it is not clear how such an individual would be formally charged or what procedures for post-indictment arrests should be followed.

Rule 556.11(D)(2) was included when the grand jury indictment procedures were revived in 2012.  The idea for this type of warrant came up in the context of a case before the indicting grand jury where the evidence indicates that another individual was involved in the same criminal activity and there was sufficient evidence being presented to the grand jury that would allow this new individual to be indicted as a co-defendant

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

even though he or she hadn't been arrested.  As noted in the Committee's *Final Report* from that time:

> Paragraph (D)(2) requires the supervising judge to forward a copy of the indictment to the clerk of courts, or to issue an arrest warrant if the subject of the indictment has not been arrested on the charges contained in the indictment. The arrest provision was included because, although infrequent, there are times when the indicting grand jury hears evidence that reveals there is another individual who has not been charged but who is involved in the criminal activity that is the subject of the indicting grand jury. The Committee majority agreed the rule should provide a procedure to address this situation so the case would not "fall through the cracks." 42 *Pa.B.* 4140 (July 7, 2012).

It appears that more detailed procedures regarding these types of warrants were not included given that the number of cases that may be presented to an indicting grand jury, *i.e.* those that involve witness intimidation concerns, were anticipated to be relatively few and that the situations where new individuals would be identified during the grand jury proceedings would be even rarer.  However, in light of the inquiry presented, the Committee decided that these procedures needed to be further defined.

The Committee agreed that an indictment could be issued against a previously uncharged defendant if a case has been properly determined to be before an indicting grand jury due to the possibility of witness intimidation and the grand jury had determined that there was evidence against that uncharged defendant.  The Committee recognized that this method of initiating a case currently was not recognized by the rules.  In particular, there was a question as to how the cases should be initiated and whether the indictment might be used as a charging document in lieu of a criminal complaint.

The Committee concluded that the method for initiating a case for a defendant who had not been previously charged but was indicted by grand jury should be, as in other criminal case, by means of a criminal complaint.  However, since the grand jury procedure takes the place of a preliminary hearing, procedures following the preliminary arraignment after the warrant had been executed would differ from other criminal cases.  The Committee agreed that the procedures should provide for: (a) the filing of a criminal complaint prior to the issuance of the arrest warrant by the supervising judge of the grand jury; and (b) procedures following the arrest of such a defendant including preliminary arraignment before the supervising judge or president judge's designee.  Thereafter, the case would proceed to the filing of the information and formal arraignment.

Rule 556.11 (Proceedings when Case Presented to Grand Jury) has been amended by adding a new paragraph (A)(3) to specifically authorize the grand jury to indict an individual who was not previously charged in the case that is before the grand jury. The provision that permits the issuance of an arrest warrant in original paragraph (D)(2) has been placed in a new paragraph (E) and sets out the procedures to be followed when such an individual is indicted. Once the attorney for the Commonwealth receives a copy of the indictment, he or she must file a complaint with the clerk of courts in the county where the grand jury sits. A request for an arrest warrant must then be presented to the supervising judge, using the indictment as the affidavit of probable cause. The supervising judge then must issue the warrant. *Comment* language has been added to provide some additional information.

New Rule 556.13 provides the procedures following the arrest of this new defendant. The defendant receives a preliminary arraignment before the supervising judge or another common pleas judge designated by the president judge. Following preliminary arraignment, the case will proceed as provided in Rule 560, with the filing of the information, and Rule 571, with formal arraignment. It should be noted that the Committee believes that any defect regarding the grand jury process, such as raising objections to the presentation of the case to the grand jury, could be addressed through a *habeas corpus* motion to the common pleas court.

Since these procedures require the filing of a complaint, no new provisions needed to be added to Rule 502 (Instituting Proceedings in Court Cases) but a cross-reference to the new procedures in Rules 556.11 and 556.13 has been added to the *Comment*. Similarly, a cross-reference to these procedures has been added to the *Comment* to Rule 513 (Requirements for Issuance; Dissemination of Arrest Warrant Information). Additionally, cross-references to the post-execution procedures have been added to the *Comments* to Rules 516 (Procedure in Court Cases When Warrant of Arrest is Executed Within Judicial District of Issuance), 517 (Procedure in Court Cases When Warrant of Arrest is Executed Outside Judicial District of Issuance), and 518 (Using Advanced Communication Technology in Court Cases When Warrant of Arrest is Executed Outside Judicial District of Issuance).

One question raised in the initial inquiry regarded what event triggered the running of the Rule 600 time limitation when an arrest warrant is issued in this situation. Since the proposal would require the filing of a complaint in these cases, they would fall within the parameters of Rule 600 that provides that the filing of the complaint normally is the event that starts the speedy trial "clock." A statement clarifying this point has been added to the *Comment* to Rule 556.11.

The Committee also considered the concern that, by failing to show a connection between the alleged witness intimidation and the specific new defendant, the

procedures represent an unwarranted departure from the underpinnings of indicting grand juries. The Committee ultimately concluded that this concern was unfounded. The current indicting grand jury procedures, particularly as provided in Rules 556 (A) and 556.2(A)(3), require a showing that the witness intimidation, verified by a judicial determination, "has occurred, is occurring, or is likely to occur" in the case being presented to the indicting grand jury. The rules do not require that there be a showing that the charged defendant is tied to that intimidation. This reflects the practical consideration that the danger to witnesses may not arise from the defendant but rather from his or her associates.

Another concern that the Committee reviewed was that the new procedures invite the use of "John Doe" indictments to charge unidentified individuals in order to file charges within the statute of limitations, with the implication that this provision will be used to initiate charges that go beyond the original case. A clear reading of the changes to Rule 556.11 indicates that the rule contemplates that the indicted person must be identified clearly as one having committed the offense that is before the indicting grand jury. Nonetheless, to clarify further that the indictment must be tied to the original case, Rule 556.11(A)(3) has been modified to state that the charges against the new defendant must result from the same criminal conduct or episode that was the subject of the original referral to the indicting grand jury.